LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

S.D. RYAN LIEBLE,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

|  |  |
|---|---|
| Plaintiff, | Case No.: 18-cv-11150 |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| MAISON KAYSER, LLC, | Jury Trial Demanded |

MAISON KAYSER, LLC,
COSMOLEDO LLC, BREADROLL, LLC,
2161 BROADWAY BAKERY, LLC,
1800 BROADWAY BAKERY, LLC,
1535 THIRD AVENUE BAKERY, LLC,
NYC 1294 THIRD AVE BAKERY, LLC,
1377 SIXTH AVENUE BAKERY, LLC,
787 SEVENTH AVENUE BAKERY, LLC,
575 LEXINGTON AVENUE BAKERY, LLC,
685 THIRD AVENUE BAKERY, LLC,
370 LEXINGTON AVENUE BAKERY, LLC,
8 WEST BAKERY LLC,
1400 BROADWAY BAKERY, LLC,
400 FIFTH AVENUE BAKERY, LLC,
339 SEVENTH AVENUE BAKERY, LLC,
921 BROADWAY BAKERY, LLC,
841 BROADWAY BAKERY, LLC,
355 GREENWICH BAKERY, LLC,
326 BLEECKER BAKERY, LLC,
ERIC KAYSER, LOUIS-JEAN EGASSE,
LOU RAMIREZ and JOSE ALCALAY,

Defendants.

---

1

Plaintiff, S.D. RYAN LIEBLE ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, MAISON KAYSER, LLC, COSMOLEDO LLC, BREADROLL, LLC, 2161 BROADWAY BAKERY, LLC, 1800 BROADWAY BAKERY, LLC, 1535 THIRD AVENUE BAKERY, LLC, NYC 1294 THIRD AVE BAKERY, LLC, 1377 SIXTH AVENUE BAKERY, LLC, 787 SEVENTH AVENUE BAKERY, LLC, 575 LEXINGTON AVENUE BAKERY, LLC, 685 THIRD AVENUE BAKERY, LLC, 370 LEXINGTON AVENUE BAKERY, LLC, 8 WEST BAKERY LLC, 1400 BROADWAY BAKERY, LLC, 400 FIFTH AVENUE BAKERY, LLC, 339 SEVENTH AVENUE BAKERY, LLC, 921 BROADWAY BAKERY, LLC, 841 BROADWAY BAKERY, LLC, 355 GREENWICH BAKERY, LLC, 326 BLEECKER BAKERY, LLC (collectively, "Corporate Defendants"), ERIC KAYSER, LOUIS-JEAN EGASSE, LOU RAMIREZ and JOSE ALCALAY (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid wages for all hours worked due to improper meal break deduction, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid wages for all hours worked due to improper meal time deduction, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b),

28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff S.D. RYAN LIEBLE is a resident of Queens County, New York.

6.      Defendants own and operate seventeen (17) bakeries under the common trade

name "Maison Kayser" with addresses as follows:

    (a)    2161 Broadway, New York, NY 10024;
    (b)    1800 Broadway, New York, NY 10019;
    (c)    1535 Third Avenue, New York, NY 10028;
    (d)    1294 Third Avenue, New York, NY 10021;
    (e)    1377 Sixth Avenue, New York, NY 10019;
    (f)    149 West 51st Street, New York, NY 10019;
    (g)    575 Lexington Avenue, New York, NY 10022;
    (h)    685 Third Avenue, New York, NY 10017;
    (i)    370 Lexington Avenue, New York, NY 10168;
    (j)    8 West 40th Street, New York, NY 10018;
    (k)    1400 Broadway, New York, NY 10018;
    (l)    400 Fifth Avenue, New York, NY 10018;
    (m)    339 Seventh Avenue, New York, NY 10001;
    (n)    921 Broadway, New York, NY 10010;
    (o)    841 Broadway, New York, NY 10003;
    (p)    355 Greenwich Street, New York, NY 10013;
    (q)    326 Bleecker Street, New York, NY 10014 (closed June 2018); and
    (r)    57 Court Street, Brooklyn, NY 11201

        (collectively, "Maison Kayser Bakeries").

7.      Defendants operate Maison Kayser Bakeries as a single integrated enterprise.

Specifically, Maison Kayser Bakeries are engaged in related activities, share common ownership

and have a common business purpose. Maison Kayser Bakeries are engaged in the same business

of operating French-style bakeries in New York City, serving bread, pastries, cakes, other baked

goods and beverages. Most Maison Kayser Bakeries also have a sit-down café that offer a wide selection of savory prepared dishes. Maison Kayser Bakeries are commonly owned and operated by Individual Defendants. Maison Kayser Bakeries share a common trade name and logo, share a common décor and appearance, and serve similar menu items. The baked goods sold at Maison Kayser Bakeries are produced and distributed from common production sites, including 178 Bruckner Boulevard, Bronx, NY 10454. Maison Kayser Bakeries are advertised and marketed jointly on Defendants' website (http://maison-kayser-usa.com/locations/) and the same social media accounts on Facebook, Instagram and Twitter. Maison Kayser Bakeries maintain centralized labor relations and human resources, and implement the same wage and hour policies and procedures established by Defendants. Supplies and employees are interchangeable among Maison Kayser Bakeries.

8.    Corporate Defendant MAISON KAYSER, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 373 Park Avenue South, 2nd Floor, New York, NY 10016 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

9.    Corporate Defendant COSMOLEDO LLC is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 373 Park Avenue South, 2nd Floor, New York, NY 10016 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

10.    Corporate Defendant BREADROLL, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 373 Park Avenue South, 2nd Floor, New York, NY 10016 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

11.     Corporate Defendant 2161 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 2161 Broadway, New York, NY 10024 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

12.     Corporate Defendant 1800 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 1800 Broadway, New York, NY 10019 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

13.     Corporate Defendant 1535 THIRD AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 1535 Third Avenue, New York, NY 10028 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

14.     Corporate Defendant NYC 1294 THIRD AVE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 1294 Third Avenue, New York, NY 10021 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

15.     Corporate Defendant 1377 SIXTH AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 1377 Sixth Avenue, New York, NY 10019 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

16.     Corporate Defendant 787 SEVENTH AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 149 West 51st Street, New York, NY 10019 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

17.     Corporate Defendant 575 LEXINGTON AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 575 Lexington Avenue, New York, NY 10022 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

18.     Corporate Defendant 685 THIRD AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 685 Third Avenue, New York, NY 10017 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

19.     Corporate Defendant 370 LEXINGTON AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 370 Lexington Avenue, New York, NY 10168 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

20.     Corporate Defendant 8 WEST BAKERY LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 8 West 40th Street, New York, NY 10018 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

21.     Corporate Defendant 1400 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 1400 Broadway, New York, NY 10018 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

22.     Corporate Defendant 400 FIFTH AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 400 Fifth Avenue, New York, NY 10018 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

23.     Corporate Defendant 339 SEVENTH AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 339 Seventh Avenue, New York, NY 10001 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

24.     Corporate Defendant 921 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 921 Broadway, New York, NY 10010 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

25.     Corporate Defendant 841 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 841 Broadway, New York, NY 10003 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

26.     Corporate Defendant 355 GREENWICH BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of

business located at 355 Greenwich Street, New York, NY 10013 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

27.    Corporate Defendant 326 BLEECKER BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 326 Bleecker Street, New York, NY 10014 and an address for service of process located at c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

28.    (i) Each Individual Defendant, ERIC KAYSER, LOUIS-JEAN EGASSE, LOU RAMIREZ and JOSE ALCALAY, is a principal and executive officer of Corporate Defendants and has operational control of Maison Kayser Bakeries. Each Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Maison Kayser Bakeries. Each Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Each Individual Defendant, ERIC KAYSER, LOUIS-JEAN EGASSE, LOU RAMIREZ and JOSE ALCALAY, additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Maison Kayser Bakeries. Each Individual Defendant ensures that managers implement Defendants' employment

policies and pay practices and directs employees to effectively complete their job duties so that Maison Kayser Bakeries are operating efficiently and profitably.

29.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

30.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, bakers, baristas, dishwashers, porters, hosts/hostesses, servers, runners and bussers) employed by Defendants at Maison Kayser Bakeries on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

32.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to improper meal break deduction. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs. Further, with respect to tipped employees (including but not limited to servers, runners and bussers) ("Tipped Subclass"), Defendants failed to pay them the lawful minimum wage to which they were entitled. Defendants were not entitled to take any tip credits because they failed

to meet statutory requirements under the FLSA. Plaintiff is a member of both the FLSA Collective and the Tipped Subclass.

33.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

34.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, bakers, baristas, dishwashers, porters, hosts/hostesses, servers, runners and bussers) employed by Defendants at Maison Kayser Bakeries on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

35.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

36.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number

are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees (including but not limited to servers, runners and bussers) (the "Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

37.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them regular and overtime wages for all hours worked due to improper meal break deduction, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Further, the Tipped Subclass members were subject to the same corporate practice of Defendants of failing to pay them the proper minimum wage. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

38.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

39.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

40.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

41.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)   Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

c)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

d)   Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

e)   Whether Defendants paid Plaintiff and the Class Members for all hours worked given Defendants' improper meal time deduction;

f)   Whether Defendants provided proper wage statements to Plaintiff and the Class Members per requirements of the NYLL;

g)   Whether Defendants provided proper wage and hour notices to Plaintiff and the Class Members per requirements of the NYLL;

h)   Whether Defendants paid Plaintiff and the Tipped Subclass members the proper minimum wage under the NYLL;

i)   Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass members that Defendants were taking a tip credit;

j)   Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

k)   Whether Defendants took the proper amount of tip credit allowance from Plaintiff and the Tipped Subclass members under the NYLL; and

l)   Whether Defendants kept daily records of tips earned by Plaintiff and the

Tipped Subclass members.

## STATEMENT OF FACTS

42.   From in or about August 2017 until in or about January 2018, Plaintiff S.D. RYAN LIEBLE was employed by Defendants to work as a server at the "Maison Kayser" bakery located at 2161 Broadway, New York, NY 10024.

43.   During his employment with Defendants, Plaintiff S.D. RYAN LIEBLE was sent to work at any of the Maison Kayser Bakeries on an as-needed basis, including but not limited to 326 Bleecker Street, New York, NY 10014.

44.   Throughout his employment with Defendants, Plaintiff S.D. RYAN LIEBLE regularly worked eight (8) hours per day for five (5) days per week. Sometimes, Plaintiff was required to work double-shifts, which were eleven-and-one-half (11½) hours per day. Based on Plaintiff's observations and conversations with his co-workers, all non-exempt employees at Maison Kayser Bakeries regularly worked similar hours.

45.   From the beginning of his employment with Defendants until in or about December 2017, Plaintiff S.D. RYAN LIEBLE was paid a base hourly rate of $7.50. From in or about January 2018 until the end of his employment with Defendants, Plaintiff LIEBLE was paid a base hourly rate of $8.65. Based on Plaintiff's observations and conversations with his co-workers, all non-exempt employees at Maison Kayser Bakeries were also paid on an hourly basis, and all tipped employees at Maison Kayser Bakeries were paid at the same hourly rates.

46.   Throughout his employment with Defendants, Defendants deducted thirty (30) minutes from Plaintiff S.D. RYAN LIEBLE's daily hours worked based on purported meal breaks. However, Plaintiff LIEBLE was not able to take the full thirty (30)-minute meal breaks. Instead, he was required to quickly eat his meal within five (5) minutes and return to work. Even through Plaintiff LIEBLE rarely took full meal breaks, Defendants' indiscriminately and

14

automatically deducted thirty (30) minutes from Plaintiff's hours worked on each workday. As a result, Plaintiff was not compensated for all hours worked every week.

47.     Throughout his employment with Defendants, Plaintiff S.D. RYAN LIEBLE regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's direct observations and conversations with other employees at Maison Kayser Bakeries, all FLSA Collective Plaintiffs and Class Members similarly suffered from Defendants' common policies that failed to pay proper wages under the FLSA and NYLL.

48.     Specifically, based on Plaintiff S.D. RYAN LIEBLE's experience and observations during his employment with Defendants, most of the employees at Maison Kayser Bakeries were not able to take their meal breaks and required to work through such breaks on a regular basis. Nonetheless, Defendants automatically and indiscriminately deducted a thirty (30) minute meal break from employees' compensable work time, instead of tracking actual break times with their readily available punch clock system. By doing so, Defendants categorically reduced their employees' compensable hours every week. As a result of Defendants' improper meal time deduction, Plaintiff, FLSA Collective Plaintiffs and Class Members were not paid compensation for all hours worked to which they are entitled.

49.     Based on Plaintiff S.D. RYAN LIEBLE's observations and conversations with other tipped employees at Maison Kayser Bakeries, Defendants paid Plaintiff and the Tipped Subclass at similar hourly rates that were less than the prevailing full minimum wage.

50.     Based on Plaintiff S.D. RYAN LIEBLE's observations and conversations with other tipped employees at Maison Kayser Bakeries, Plaintiff and the Tipped Subclass did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff LIEBLE and the Tipped Subclass did not receive notice informing them that the tips they received must

be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff LIEBLE and the Tipped Subclass of the amount of tip credit taken for each payment period.

51.    Throughout his employment with Defendants, Plaintiff S.D. RYAN LIEBLE did not receive proper wage statements with his wage payments each week. The wage statements that he received from Defendants failed to inform Plaintiff of his correct rate of pay or the amount of tip credit taken for each payment period. In addition, the wage statements failed to accurately reflect Plaintiff's actual hours worked each week due to Defendants' invalid meal time deduction.

52.    Throughout his employment with Defendants, Plaintiff S.D. RYAN LIEBLE did not receive proper wage and hour notice. The notice that Plaintiff received from Defendants failed to state the correct rate of pay, the correct amount of tip credit allowance, and other information required under the New York Labor Law.

53.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members for all regular or overtime hours due to Defendants' invalid meal time deduction, in violation of the FLSA and NYLL.

54.    Defendants knowingly and willfully failed to pay Plaintiff and the Tipped Subclass the prevailing minimum wage. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the FLSA and NYLL.

55.    Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL,

as the wage statements did not accurately reflect the number of hours worked by the employee due to Defendants' invalid meal time deduction.

56.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members as required under the NYLL.

57.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

58.     Plaintiff realleges and reavers Paragraphs 1 through 56 of this Class and Collective Action Complaint as if fully set forth herein.

59.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

61.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

62.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to invalid meal break deduction.

63.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and the Tipped FLSA Collective Plaintiffs the minimum wage in the lawful amount for hours worked. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the FLSA.

64.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

65.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

66.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

67.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

68.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid

regular and overtime wages due to invalid meal time deduction and unpaid minimum wage due to invalid tip credit deduction, plus an equal amount as liquidated damages.

69.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

70.     Plaintiff realleges and reavers Paragraphs 1 through 68 of this Class and Collective Action Complaint as if fully set forth herein.

71.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

72.     Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them for all hours worked due to invalid meal break deduction, in violation of the New York Labor Law.

73.     Defendants knowingly and willfully violated Plaintiff's and the Tipped Subclass members' rights by failing to pay them the minimum wage in the lawful amount for hours worked. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the New York Labor Law.

74.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law.

75.     Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the New York Labor Law.

76.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid regular and overtime wages due to

invalid meal break deduction, unpaid minimum wage due to invalid tip credit deduction, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wage due under the FLSA and NYLL;

d.  An award of unpaid regular and overtime wages caused by Defendants' invalid meal break deduction under the FLSA and NYLL;

e.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f.  An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage due to invalid tip credit deduction and/or regular and overtime wages due to invalid meal break deduction, pursuant to the FLSA;

g.  An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage due to invalid tip credit deduction and/or regular and overtime wages due to invalid meal break deduction, pursuant to the NYLL;

h.  An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

i.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to F.R.C.P. 23;

k.  Designation of Plaintiff as Representative of the Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    November 29, 2018              Respectfully submitted,

By:    */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*