UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S.D. RYAN LIEBLE,<br><br>            Plaintiff,<br><br>      -against-<br><br>MAISON KAYSER, LLC,<br>COSMOLEDO, LLC, BREADROLL, LLC,<br>2161 BROADWAY BAKERY, LLC, 1800 BROADWAY BAKERY, LLC, 1535 THIRD AVENUE BAKERY, LLC, NYC 1294 THIRD AVENUE BAKERY, LLC,<br>1377 SIXTH AVENUE BAKERY, LLC, 787 SEVENTH AVENUE BAKERY, LLC, 575 LEXINGTON AVENUE BAKERY, LLC, 685 THIRD AVENUE BAKERY, LLC, 370 LEXINGTON AVENUE BAKERY, LLC, 8 WEST BAKERY, LLC, 1400 BROADWAY BAKERY, LLC, 400 FIFTH AVENUE BAKERY, LLC, 339 SEVENTH AVENUE BAKERY, LLC, 921 BROADWAY BAKERY, LLC, 841 BROADWAY BAKERY, LLC, 355 GREENWICH BAKERY, LLC, 326 BLEECKER BAKERY, LLC, LOUIS-JEAN EGASSE, LOU RAMIREZ AND JOSE ALCALAY,<br><br>           Defendants. | Case No. 18-cv-11150<br><br>**ANSWER** |

Defendants MAISON KAYSER, LLC, COSMOLEDO, LLC, BREADROLL, LLC, 2161 BROADWAY BAKERY, LLC, 1800 BROADWAY BAKERY, LLC, 1535 THIRD AVENUE BAKERY, LLC, NYC 1294 THIRD AVENUE BAKERY, LLC, 1377 SIXTH AVENUE BAKERY, LLC, 787 SEVENTH AVENUE BAKERY, LLC, 575 LEXINGTON AVENUE BAKERY, LLC, 685 THIRD AVENUE BAKERY, LLC, 370 LEXINGTON AVENUE BAKERY, LLC, 8 WEST BAKERY, LLC, 1400 BROADWAY BAKERY, LLC, 400 FIFTH AVENUE BAKERY, LLC, 339 SEVENTH AVENUE BAKERY, LLC, 921 BROADWAY BAKERY, LLC, 841 BROADWAY BAKERY, LLC, 355 GREENWICH BAKERY, LLC, 326 BLEECKER BAKERY, LLC, LOUIS-JEAN EGASSE, and JOSE ALCALAY,[1] (collectively, the "Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the Class and Collective Action Complaint ("Complaint") filed by Plaintiff S.D. Ryan Lieble (the "Plaintiff"), hereby respond as follows:

---

[1] Defendant ERIC KAYSER has been dismissed from the case.

## INTRODUCTION

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to bring claims as set forth therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to bring claims as set forth therein.

## JURISDICTION AND VENUE

3. Paragraph "3" of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has jurisdiction over Plaintiff's federal claims, but deny that the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

4. Paragraph "4" of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants do not challenge that venue is proper in the Southern District of New York.

## PARTIES

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Plaintiff is a resident of Queens County, New York.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that there currently is, or has been, Maison Kayser stores at the locations listed in subsections (a) through (r).

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that (a) the "Maison Kayser Bakeries" (as defined in Paragraph "6" of the Complaint) (i) have the same parent company, (ii) are French-style bakeries, (iii) serve bread, pastries, cakes, other baked goods and beverages; (b) a number of the Maison Kayser Bakeries have a sit-down café

that offer a wide selection of savory prepared dishes; (c) the Maison Kayser Bakeries share (i) a common trade name and logo, (ii) a common décor, and (iii) certain menu items; (d) the Maison Kayser Bakeries receive deliveries from a commissary located at 178 Bruckner Blvd., Bronx, New York 10454; (e) the Maison Kayser Bakeries' locations are listed at http://maison-kayser-usa.com/locations/; (f) there is a Maison Kayser Facebook, Instagram, and Twitter page; and (g) the Maison Kayser Bakeries utilize the same Human Resources personnel.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that MAISON KAYSER, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 373 Park Avenue South, 2nd Floor, New York, New York 10016.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that COSMOLEDO LLC is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 373 Park Avenue South, 2nd Floor, New York, New York 10016.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that BREADROLL, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 373 Park Avenue South, 2nd Floor, New York, New York 10016.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that 2161 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 2161 Broadway, New York, NY 10024.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that 1800 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 1800 Broadway, New York, NY 10019.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that 1535 THIRD AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 1535 Third Avenue, New York, NY 10028.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that NYC 1294 THIRD AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 1294 Third Avenue, New York, NY 10021.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that 1377 SIXTH AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 1377 Sixth Avenue, New York, NY 10019.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit the allegations that 787 SEVENTH AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 149 West 51st Street New York, NY 10019.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit the allegations that 575 LEXINGTON AVENUE BAKERY, LLC is a domestic limited liability

company organized under the laws of the State of New York with a principal place of business located at 757 Lexington Avenue, New York, NY 10022.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit the allegations that 685 THIRD AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 685 Third Avenue, New York, NY 10017.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit the allegations that 370 LEXINGTON AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 370 Lexington Avenue, New York, NY 10168.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit the allegations that 8 WEST BAKERY LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 8 West 40th Street, New York, NY 10018

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit the allegations that 1400 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 1400 Broadway, New York, NY 10018.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit the allegations that 400 FIFTH AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 400 Fifth Avenue, New York, NY 10011.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit the allegations that 339 SEVENTH AVENUE BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 339 Seventh Avenue, New York, NY 10001.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit the allegations that 921 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 921 Broadway, New York, NY 10010.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit the allegations that 841 BROADWAY BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 841 Broadway, New York, NY 10003.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit the allegations that 355 GREENWICH BAKERY, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 355 Greenwich Street, New York, NY 10013.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint (including subparts thereto), except admit that Louis-Jean Egasse and Jose Alcalay are currently executive officers of the corporate Defendants

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that Plaintiff purports to bring claims as set forth therein. Defendants further deny that this action is appropriately maintained as a collective action or that Plaintiff is similarly situated to other non-exempt employees of Maison Kayser within the meaning of the Fair Labor Standards Act ("FLSA").

32. Deny the allegations set forth in paragraph "32" of the Complaint and further deny that this action is appropriately maintained as a collective action or that Plaintiff is similarly situated to other non-exempt employees of Maison Kayser within the meaning of the FLSA.

33. Deny the allegations set forth in paragraph "33" of the Complaint and further deny that this action is appropriately maintained as a collective action or that Plaintiff is similarly situated to other non-exempt employees of Maison Kayser within the meaning of the FLSA.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that Plaintiff purports to bring claims as set forth therein. Defendants further deny that this action is appropriately maintained as a class action.

35. Deny the allegations set forth in paragraph "35" of the Complaint and further deny that this action is appropriately maintained as a class action.

36. Deny the allegations set forth in paragraph "36" of the Complaint and further deny that this action is appropriately maintained as a class action.

37. Deny the allegations set forth in paragraph "37" of the Complaint and further deny that this action is appropriately maintained as a class action.

38. Deny the allegations set forth in paragraph "38" of the Complaint and further deny that this action is appropriately maintained as a class action.

39. Deny the allegations set forth in paragraph "39" of the Complaint and further deny that this action is appropriately maintained as a class action.

40. Deny the allegations set forth in paragraph "40" of the Complaint and further deny that this action is appropriately maintained as a class action.

41. Deny the allegations set forth in paragraph "41" of the Complaint, including each and every subpart thereto, and further deny that this action is appropriately maintained as a class action.

## STATEMENT OF FACTS

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that from in or about August 2017 until in or about January 2018, Plaintiff was employed by corporate Defendant Breadroll LLC to work as a server at the Maison Kayser store located at 2161 Broadway, New York, NY 10024.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that (a) Plaintiff made $7.50 per hour in 2017 and $8.65 per hour in 2018, and (b) non-exempt employees at the Maison Kayser Bakeries were paid by the hour.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except deny knowledge sufficient to form a belief as to the allegation that Plaintiff "regularly observed and spoke to his co-workers."

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's retainer of Lee Litigation Group, PLLC and her agreement to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

58. In response to paragraph "58" of the Complaint, Defendants repeat and reallege its responses to paragraphs "1" through "57" as if fully set forth herein.

59. Paragraph "59" of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60. Paragraph "60" of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "60" of the Complaint, except to admit Maison Kayser employed Plaintiff.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that each of the MK Bakeries had gross annual revenues in excess of $500,000.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint, except to admit that the corporate Defendants maintain records concerning, among other things, the number of hours worked by Plaintiff and compensation paid to Plaintiff.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

70. In response to paragraph "70" of the Complaint, Defendants repeat and reallege its responses to paragraphs "1" through "69" as if fully set forth herein.

71. Paragraph "71" of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph "71" of the Complaint, except to admit one Mayson Kayser employed Plaintiff.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

### AS TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiff or any putative class or collective action members are entitled to any relief whatsoever and deny that Plaintiff or any putative class or collective action members are entitled to any relief requested in the "Prayer for Relief" and "Wherefore" clause of the Complaint, including every subsection thereto.

### AS TO THE JURY DEMAND

Defendants state that the demand for a trial by jury asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny Plaintiff has a right to a trial by jury and some or all claims.

### GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

### AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.  These defenses may also apply to the claims of some, or

all, of the collective/class of allegedly similarly situated persons, if collective/class certification is granted.

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. The claims of Plaintiff and/or the putative collective and class action members are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, laches, estoppel, consent, unclean hands, comparative fault, contributory fault, and/or the applicable statute of limitations.

3. Defendants Lou Ramirez, Loius-Jean Egasse, and Jose Alcalay are not proper Defendants in this action because they were not Plaintiff's "employer" within the scope of the FLSA or NYLL.

4. Plaintiff's claims and/or those of the putative collective and class action members are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and NYLL, and had reasonable grounds for believing they were in compliance with the FLSA and NYLL.

5. Defendants' actions were not willful. No act or omission of Defendants that is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the NYLL and/or FLSA.

6. Plaintiff's claims are barred, in whole or in part, because Defendants relied upon and acted in good faith and in conformity with, written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor, and/or any written and unwritten administrative practices or enforcement policies of the United States

Department of Labor, within the meaning of the FLSA, 29 U.S.C. § 259, and/or New York State Department of Labor.

7. Plaintiff and/or the putative collective and class action members are not entitled to any equitable relief because they have an adequate remedy at law.

8. The Complaint fails to satisfy the requirements for maintenance of a collective action under 29 U.S.C. § 216(b), including, *inter alia*, the requirement that Plaintiff be a proper collective or class action representative. Therefore, this action may not be maintained as a collective action, and Plaintiff cannot sue as a representative party.

9. Plaintiff cannot pursue claims on behalf of anyone who has not joined, or filed a consent to join, this action.

10. Plaintiff cannot establish or satisfy the requirements for a class action under the Federal Rules of Civil Procedure.

11. This Court should not exercise supplemental jurisdiction over the causes of action in the Complaint that purport to arise under the NYLL.

12. The Complaint's collective and class action allegations should be dismissed because independent and individual analyses of Plaintiff and the putative collective/class action members' claims and Defendants' defenses to such claims are required.

13. Plaintiff cannot offer a model of damages that is amenable to collective or class action treatment.

14. Certification of a collective or class action, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

15. Plaintiff and/or the putative collective or class action members' claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

16. Collective and class action relief is not appropriate because one or more individuals who wish to serve as a collective/class action representative have interests that may conflict with the interests of the putative collective/class.

17. Plaintiff and the putative collective and class action members' claims are barred to the extent that Plaintiff lacks standing to bring them. In particular, Plaintiff, who is a former employee of Maison Kayser, lacks standing to represent the putative collective or class of current employees of Maison Kayser because she cannot seek injunctive relief. For these and other reasons, Plaintiff is an inadequate collective and class action representative as well.

18. Plaintiff's claim and/or the putative collective or class action members' claim for damages must be dismissed to the extent that they have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, or to the extent that they have been mitigated.

19. If Plaintiff and/or any putative collective or class action members succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or any putative collective or class action members over and above their wages and/or beyond the time period compensable under the FLSA and/or NYLL.

20. Even if Defendants have, in fact, failed to pay Plaintiff and/or any putative collective or class action members for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

21. Plaintiff and/or the putative collective or class action members' FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

22. At all times, Defendants made complete and timely payments of all wages due to Plaintiff and/or putative collective action members under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

23. At all times, Defendants provided Plaintiff with adequate notice of wage information pursuant to New York Labor Law § 195.

24. At all times, Defendants reasonably believed in good faith that they provided Plaintiff and/or putative collective or class action members with adequate notice of wage information pursuant to New York Labor Law § 195.

25. To the extent discovery reveals that Plaintiff and/or the putative collective or class action members falsely reported their hours, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff and/or the putative collective or class action members.

26. To the extent discovery reveals that Plaintiff and/or the putative collective or class action members failed to accurately report their hours (including, but not limited to, failing to clock in and out for meal breaks), Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff and/or the putative collective or class action members.

27. Plaintiff and/or some or all of the putative collective or class action members are not entitled to declaratory or injunctive relief.

28. Plaintiff and/or some or all of the putative collective or class action members are not entitled to pre-judgment or post-judgment interest.

29. Plaintiff and/or some or all of the putative collective or class action members' claims are barred, in whole or in part, to the extent that the work he/they performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, and NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the FLSA and NYLL.

30. To the extent Plaintiff and/or putative collective or class action members seek a trial by jury, Defendants assert that whether and to what extent Plaintiff and/or putative collective or class action members are entitled a trial by jury must be determined by the Court.

31. In addition to the foregoing defenses, Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action or to pursue any available counterclaims against Plaintiff or any putative collective or class action member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants deny that Plaintiff and/or the putative collective or class action members are entitled to judgment in any amount whatsoever, and respectfully submit that

the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendants be awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and

Date:   February 19, 2019
        New York, New York

*s/Christine Hogan*
Christine L. Hogan
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorney for Defendants (except individually named Defendant Lou Ramirez)*