

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

May 17, 2019

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Lieble v. Maison Kayser, LLC et. al*
       Case No. 18-cv-11150

Dear Judge Failla:

My firm represents the Defendants in the above-referenced matter. I write in response to Plaintiff's May 14, 2019 request for a conference pursuant to Local Civil Rule 37.2. (ECF No. 78).

Plaintiff's attempt to circumvent standard discovery procedures by deposing Defendants' witnesses before written discovery concludes and Plaintiff's deposition occurs is in direct response to Defendants' production of key documents that prove beyond question that Plaintiff's claims are meritless. Specifically, on March 20, 2019, Defendants produced:

- Time records demonstrating that Plaintiff was not subject to auto-deductions for meal breaks.

- NY Wage Theft Prevention notices demonstrating that (1) Defendants gave Plaintiff proper notice of the tip credit, and (2) Defendants adhered to the requirements of New York Labor Law 195(1).

- Pay statements demonstrating that Defendants adhered to the requirements of New York Labor Law 195(3).

These documents dispose of Plaintiff's entire complaint. Accordingly, I have informed Plaintiff's counsel that Defendants intend to seek Rule 11 sanctions if they do not voluntarily dismiss the complaint. Defendants are preparing their papers now.

In light of Defendants' planned motion for sanctions and the fact that we are still in the early stages of discovery, I informed Plaintiff's counsel that we would produce defense witnesses in the fall of 2019 (discovery closes on December 31, 2019). This is entirely reasonable. As such, we respectfully request that the Court, in its discretion, deny Plaintiff's request to compel defense depositions. Plaintiff is not trying to "ascertain whether collective treatment is appropriate," as stated in his letter. Instead, Plaintiff is attempting to go on a fishing expedition to try to uncover some additional set of facts that will save his case from a full dismissal.

The Honorable Katherine Polk Failla
May 17, 2019
Page 2

We thank the Court for its time and consideration.

Respectfully submitted,

Christine L. Hogan

cc:    Counsel of Record (via ECF)

```
The Court is in receipt of Plaintiff's letter motion seeking a Local
Rule 37.2 Conference concerning an application to compel depositions of
Defendants' witnesses by June 21, 2019 (Dkt. #78), and Defendants'
response in opposition indicating their intent to produce the witnesses
for depositions in the fall of 2019 (Dkt. #79).  The endorsed Case
Management Plan requires that depositions of fact witnesses be completed
by December 31, 2019.  (Dkt. #77).  The Court finds that production of
witnesses for deposition in the fall of 2019 provides a reasonable
amount of time for the completion of the depositions prior to the
deadline.  Therefore, Plaintiff's application for an order compelling
production by June 21, 2019 is DENIED.

Dated:    May 20, 2019              SO ORDERED.
          New York, New York


                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE
```