

**Littler Mendelson, PC**
900 Third Avenue
New York, NY  10022.3298

Christine L. Hogan
212.583.2676 direct
212.583.9600 main
212.898.1116 fax
clhogan@littler.com

September 16, 2019

**VIA ECF and EMAIL**

Hon. Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:     *Lieble v. Maison Kayser et al.,*
        Case No. 18-cv-11150 (KPF)

Dear Judge Failla:

We represent Defendants in the above-referenced matter. Pursuant to the Court's Individual Rules of Practice in Civil Cases 4(A), we write to request a pre-motion conference before moving for sanctions pursuant to Federal Rule of Civil Procedure 11.

Rule 11 of the Federal Rules of Civil Procedure provides the basis upon which a party may move for sanctions. In relevant part, subsection (b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, ***or later advocating it***—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any ***improper purpose***, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > …
> > (3) the factual contentions have evidentiary support or, ***if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery*** . . . .

Fed. R. Civ. Proc. 11(b) (emphasis added). Accordingly, sanctions are appropriate where a plaintiff persists in pursuing untenable claims in the face of undisputed facts. *See Bunnell v. Haghighi*, 183 F. Supp. 2d 364, 372 (E.D.N.Y. 2016) (finding that a court may impose sanctions on a party for "refusing to withdraw" an allegation or claim "even after it was shown to be inaccurate") (citation omitted)).

Defendants produced Plaintiff's wage statements, punch records, and wage notices, which show that Plaintiff's allegations as presented to the Court in his Complaint are without factual support. Specifically,

Hon. Katherine P. Failla
Page 2

the following Complaint allegations – which form the basis of all of the claims in the Complaint – are affirmatively disproven by the documents Defendants provided Plaintiff's counsel.  Specifically, these documents prove that:

1. Plaintiff did receive notice of tip credit deductions;

2. Plaintiff's wage and hour notices did state the correct rate of pay;

3. Meal breaks were not auto-deducted from Plaintiff's paycheck;

4. Plaintiff was paid the proper tipped minimum wage; and

5. Plaintiff's wage statements did provide sufficient information under the NYLL.

On July 3, 2019, during a meet-and-confer teleconference to discuss several discovery disputes, Defendants expressed their intent to file a Rule 11 Motion with the Court given the evidence that they presented and discussed with Plaintiff's counsel. Plaintiff's counsel asserted that they would continue to pursue these claims. Defendants then provided Plaintiff's counsel with a draft of their Motion on July 12, 2019, which Plaintiff's counsel ultimately consented to service.  The requisite Rule 11 21-day period has passed without Plaintiff withdrawing his claims.

Defendants strongly believe that the continued pursuit of these claims is a blatant violation of Rule 11 of the Federal Rules of Civil Procedure, which warrants sanctions on both Plaintiff and his counsel. Therefore, Defendants request a pre-motion conference in order to request permission to file their Motion for Sanctions with this Court.  Plaintiff does not consent to the filing of this motion.

We thank the Court for their time in considering this matter.

Respectfully submitted,

Christine L. Hogan
Shareholder

cc:     Counsel of Record (via ECF)