# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:    212-465-1188
                    cklee@leelitigation.com

January 10, 2020

**Via ECF**
The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



Re:  *Leible, et al. v. Maison Kayser, LLC, et al.*
     Case No. 18-cv-11150 (KPF)

Dear Judge Failla:

We are counsel for Plaintiffs in the above-referenced matter.

First, the parties respectfully request that the Court adjourn the currently scheduled January 14, 2020 pre-trial conference (ECF Dkt. No. 77) until on or about April 9, 2020. When the Court initially set this conference, discovery was set to conclude on December 31, 2019. (*Id.*). Since the Court extended the discovery deadline to March 30, 2020 (ECF Dkt. No. 112), the adjournment would provide the Court with an opportunity to speak to the parties on this matter post-discovery, which was the apparent intent of the conference as initially scheduled.

Second, pursuant to the Court's December 10, 2019 Order (ECF Dkt. No. 105), the parties respectfully submit this joint status update regarding the discovery disputes raised in Plaintiffs' letter-motion dated October 18, 2019. (ECF Dkt. No. 94). As per the Court's instructions at the November 7, 2019 hearing, the parties have met and conferred several times, including December 9, 17 and 23, 2019 and January 9, 2020, regarding the appropriate sample size for pre-certification discovery, but were unable to reach an agreement.

Plaintiffs' Position:

Plaintiffs respectfully propose a sample size of 20 employees for each Maison Kayser bakery located in New York City. Based on Defendants' counsel's representation that Defendants have approximately 45 current employees working at each Maison Kayser location, Plaintiffs estimate that each location employed at least 200 employees over the full six-year statutory period (i.e. on or after November 29, 2012) with regular industry turnover.

As discussed in Plaintiffs' October 10, 2019 submission, the overwhelming weight of authority in the Second Circuit, and specifically in the Southern District of New York, facilitates pre-certification class discovery in FLSA and NYLL cases to help ascertain whether class or collective treatment is appropriate. (See ECF Dkt. No. 94, Exhibits C-G). *See Santiago v. Rivka, Inc.*, No. 15 Civ. 9184 (WHP), Dkt No. 51 (S.D.N.Y. May 26, 2016) ("Defendants' position –

refusing to produce discovery about putative collective action members, then opposing certification because [Plaintiffs lack] that discovery – manufactures a Catch-22.").

Plaintiffs believe that a representative sample size of 20 employees per location is reasonable and proportional to the needs of this action – to help determine whether the numerous putative class members at the various bakery locations similarly suffered from Defendants' failure to pay wages due to a policy of automatic meal-time deduction. Further, this discovery will help determine whether Defendants provided proper notice of tip credit deductions to allow Defendants to pay their tipped employees at the reduced tip credit minimum wage rate. The types of wage-and-hour documents Plaintiffs seek are work schedules, punch clock records, payroll records, wage notices, tip credit notices, paystubs, employee handbooks, and documents outlining pay policies.

Defendants' Position:

Given the procedural posture of this dispute – pre-conditional certification – Defendants respectfully propose a production of payroll records, punch records, Wage Theft Prevention Act Notices, and employee handbook acknowledgements for all named Plaintiffs and one additional putative class member employee at each remaining store named in the Complaint. Defendants also propose ESI discovery where they would produce relevant emails (via application of search terms) from the inboxes of every corporate employee in the Human Resources and the Payroll Departments. Defendants have already produced relevant corporate-wide policies and procedures.[1]

Plaintiffs claim that the purpose of this discovery is to determine whether "the various bakery locations similarly suffered from Defendants' failure to pay wages due to a policy of automatic meal-time deduction." Defendants' discovery proposal does just that. It gives Plaintiffs' access to corporate-level documents – via already-produced Company policies/procedures and ESI from Human Resources and Payroll Department employees – so that Plaintiffs can review documents that could potentially show that the named and opt-in plaintiffs were victims of a common policy or plan that violated the law.

Defendants' discovery proposal also gives Plaintiffs the opportunity to review the records of a putative class member (whether a named plaintiff or current non-plaintiff) from *every Maison Kayser store* in order to see if there is a common policy or plan *in action* across the stores. Given the nature of the conditional certification burden, Defendants' discovery proposal provides more than enough documents for Plaintiffs to prepare their motion. The type of discovery that Plaintiffs are currently requesting is much more suitable and proportional for *after conditional certification has been certified*, when Plaintiffs have a significantly larger group of individuals they represent and have to prepare for the eventual decertification motion (and higher burden that it entails) at the end of discovery.

---

[1] Plaintiffs cite to *Santiago v. Rivka, Inc,* No. 15 Civ. 9184 (WHP), 2016 WL 4530898 (S.D.N.Y. May 26, 2016); however, that case does not specify the amount of pre-conditional certification discovery that is generally appropriate and certainly does not support the level of discovery Plaintiffs propose here. Defendants are proposing a *proportionate* and *non-burdensome* level of pre-conditional certification discovery that involves both corporate-level discovery in additional to representative opt-in discovery.

Moreover, what Plaintiffs are requesting at this stage in the case is unduly burdensome. They are requesting that Defendants produce multiple documents from nearly 400 employees. For each punch record, for example, a Company employee has to log onto its time-clock software and screenshot each employee's punch records for every individual week worked. Thus, if one employee worked at the Company for 6 years, this would require 312 screenshots for that one employee alone. If the Court endorses Plaintiffs' discovery proposal of 20 individuals per store, the Company could be required to take *an estimated 120,000 screenshots*. Such a requirement could take months to complete, making this request overly burdensome and greatly disproportionate, particularly at this stage of the case.

As a final matter, Defendants respectfully request one additional week to provide an update on whether they wish to pursue mediation in this matter, given that Plaintiffs insist on negotiating a Rule 23 class-wide settlement – and nothing less.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF

```
After reviewing the parties' proposals for the scope of pre-
certification discovery, the Court will adopt a third course.
Plaintiffs shall be allowed discovery as to each of the named
Plaintiffs, as well as a sample of twelve individuals employed at each
Maison Kayser bakery located in New York City during the relevant time
period.  Plaintiffs may make an application for additional pre-
certification discovery later if circumstances warrant.

The pretrial conference currently scheduled for January 13, 2020, is
hereby ADJOURNED to April 14, 2020, at 2:00 p.m. in Courtroom 618 of the
Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

The parties may advise the Court regarding they would like to
participate in mediation on or before January 21, 2020.

Dated:     January 13, 2020                SO ORDERED.
           New York, New York
```

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

3